UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:00-CR-28-MOC-DSC-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **TRINT LAMAR POWELL,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on defendant's counseled unopposed Motion for Amended Judgment under The First Step Act of 2018 ("2018 FSA"). (#31). For the following reasons, the Court determines that defendant is qualified for immediate relief under the 2018 FSA.

In May 2000, defendant pled guilty to one count of violating 21 U.S.C. § 841(b)(1)(B) by possessing 5 or more grams of cocaine base with the intent to distribute; one count of violating 18 U.S.C. § 922(g) by possessing a firearm after a felony conviction; and one count of violating 18 U.S.C. § 924(c) by possessing a firearm in furtherance of a drug-trafficking offense. At sentencing in July 2001, the court found that the offense involved more than 5 but less than 20 grams of cocaine base. See (Doc. No. 23 at ¶ 19: PSR). Based on that finding and the government's filing of a § 851 notice of prior conviction, defendant faced a statutory minimum sentence of 10 years, a statutory maximum of life, and an 8-year minimum term of supervised release on the Section 841 count, plus a 60-month consecutive sentence on the Section 924(c) count. (Id. at ¶¶ 73, 76). The Court calculated a guidelines range of 262-327 months on the Section 841 count under the career offender guideline. (Id. at ¶¶ 34, 74). The Court sentenced Powell to a low-end sentence of 262

1

months on the Section 841 count, plus a consecutive 60-month sentence on the Section 924(c) count, for a total aggregate sentence of 322 months. See (Doc. No. 24 at 2, 3: Judgment).

On August 3, 2010, the President signed into law the Fair Sentencing Act of 2010, Pub. L. 111-220. Section 2 of the Act increased the quantity of cocaine base required to trigger Section 841's enhanced penalties: it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to people sentenced before the Act's passage.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-135 (2018). Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

Defendant is eligible for relief under the First Step Act because he is currently serving a sentence for a "covered offense" under Section 404(a)'s definition: his offense was committed before August 3, 2010, he was subjected to the enhanced statutory penalties under § 841(b)(1)(B), and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act."

Because defendant is eligible for relief, this Court has the discretion under Section 404(b) to "impose a reduced sentence" in accord with Section 841(b)(1)(C)'s statutory penalties, which provide no statutory mandatory minimum term and a 30-year maximum term, along with a six year minimum term of supervised release. The Court will exercise that discretion because defendant has already served more time than would be called for under the First Step Act's retroactive penalties. The increased statutory maximum for a Section 841(b)(1)(B) offense directly increased defendant's guidelines range under the career offender provision. Reducing the statutory maximum from life under Section 841(b)(1)(B) to 30 years under Section 841(b)(1)(C) decreases the base offense level under the career offender guideline from 37 to 34 and his total offense level from 34 to 31. That change lowers the guidelines range from 262-337 months to 188-235 months. See U.S.S.G. § 5A (sentencing table for offense level 31 and criminal history category VI). This Court previously sentenced defendant to the low end of his original guidelines range. A proportionate reduction to the low end of the now-lowered guidelines range would yield a sentence of 188 months on the Section 841 count, plus 60 months on the Section 924(c) count, for a total aggregate sentence of 248 months. As of July 31, 2019, Powell had credit for 258 months in BOP custody. See (Doc. No. 31-1, Ex. 1). As a result, a reduced sentence would result in his immediate release.

In addition to the Guidelines, the Court has considered the Section 3553(a) factors. First, the defendant's educational achievements while incarcerated have been considered. Review of the summary of that record supports exercising discretion in favor of a time-served sentence. Moreover, the motion reflects that the government does not oppose a time-served sentence. Having considered the Section 3553 factors on resentencing, the Court agrees that a time served sentence is appropriate and will grant relief accordingly.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's counseled unopposed Motion for Amended Judgment under The First Step Act (#31) is **GRANTED**, and the sentence imposed in this matter is modified to provide for a sentence of **TIME SERVED plus 10 days,** with the period of Supervised Release reduced to 6 years. All other conditions of the Judgment and the Conditions of Supervised Release shall remain in effect.

Furthermore, defendant's two, pending pro se motions to appoint counsel (##28, 29), shall be **DENIED** as **MOOT**.

The Clerk of Court is instructed to submit to Chambers an expedited Amended Judgment reflecting the determinations contained in this Order.

Signed: August 8, 2019

Max O. Cogburn Jr
United States District Judge